**NOT FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |  |
|---|---|---|
| **FIRST BANK PUERTO RICO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 2008-28 |
| v. | ) | |
| | ) | |
| **RONALD S. LOCKHART and UNITED** | ) | |
| **STATES OF AMERICA INTERNAL REVENUE** | ) | |
| **SERVICE,** | ) | |
| | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff*,

**Timothy J. Abraham, AUSA**
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Ronald S. Lockhart**
8A Estate Catherineberg, St. Thomas, U.S.V.I. 00802
   *Pro se defendant.*

## ORDER

**GOMÉZ, C.J.**

First Bank Puerto Rick ("First Bank") commenced this debt and foreclosure action against Ronald S. Lockhart ("Lockhart") on March 5, 2008. The record reflects proof of service of First Bank's complaint and summons on Lockhart. As of the date of this Order, Lockhart has not filed an answer to First Bank's

*First Bank Puerto Rico v. Lockhart, et al.*
Civil No. 2008-28
Order
Page 2

complaint.

    First Bank filed a request for entry of default on its complaint against Lockhart, pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)").[1]  On September 24, 2008, the Clerk of the Court entered default against Lockhart.

    Now, First Bank moves for default judgment against Lockhart pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)(2)").[2]

    Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. of Tax Rev*., 922 F.2d 168, 177 n. 9 (3d Cir.1990).  The rule further provides "no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein." Fed. R. Civ. P.

---

    [1]   That rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

    [2]  First Bank also moves for summary judgment against the United States of America Internal Revenue Service (the "Government").  The Court will address that motion separately.

*First Bank Puerto Rico v. Lockhart, et al.*
Civil No. 2008-28
Order
Page 3

55(b)(2); *Murphy v. C.W.*, 158 Fed. Appx. 393, 396 (3d Cir. Jan. 5, 2006) (unpublished). Additionally, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit. . . ." 50 App. U.S.C. § 521(b)(1) (the "Servicemembers Civil Relief Act"). The entry of a default judgment is largely a matter of judicial discretion, although the United States Court of Appeals for the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Here, First Bank has not submitted, nor does the record contain, any affidavits or evidence of any kind to show that Lockhart is not an infant, incompetent, or serving in the military. First Bank has failed to comply with the requirements of Rule 55(b)(2) and the Servicemembers Civil Relief Act. *See, e.g., Bank of Nova Scotia v. Brown*, 2008 U.S. Dist. LEXIS 32777 at *3-4 (D.V.I. 2008) (holding that the plaintiff was not entitled to default judgement against the defendant because the plaintiff had not complied with the requirements of Rule 55(b)(2) or the Servicemembers Civil Relief Act); *Ross v. Baker*, 2006 U.S. Dist. LEXIS 77216 at *4 (W.D. Mich. Oct. 23, 2006) (denying a

*First Bank Puerto Rico v. Lockhart, et al.*
Civil No. 2008-28
Order
Page 4

default judgment motion where the "[p]laintiffs have not tendered an affidavit stating . . . that the defendant is not an infant or incompetent person") (unpublished); *United States v. Simmons*, 508 F. Supp. 552, 552-53 (E.D. Tenn.1980) (denying the plaintiff's motion for a default judgment because the plaintiff failed to provide a sufficient affidavit showing that the debtor was not in military service).

Accordingly, it is hereby

**ORDERED** that First Bank's motion for default judgment is **DENIED** without prejudice.

S\_____
CURTIS V. GÓMEZ
**Chief Judge**