NOT FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| FIRST BANK PUERTO RICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 2008-28 |
| v. | ) | |
| | ) | |
| RONALD S. LOCKHART and UNITED | ) | |
| STATES OF AMERICA INTERNAL REVENUE | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ATTORNEYS:**

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff*,

**Timothy J. Abraham, AUSA**
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Ronald S. Lockhart**
8A Estate Catherineberg, St. Thomas, U.S.V.I. 00802
    *Pro se defendant.*

## ORDER

**GOMÉZ, C.J.**

Before the Court are the motions of Firstbank Puerto Rico ("Firstbank") for reconsideration of this Court's May 20, 2009, Orders denying Firstbank's motion for default judgment against Ronald S. Lockhart ("Lockhart"), and for summary judgment against the United States of America Internal Revenue Service ("IRS").

Local Rule of Civil Procedure 7.3 ("Local Rule 7.3")

provides:

> A party may file a motion asking the court to reconsider its order or decision. . . . A motion to reconsider shall be based on:
>
> 1. Intervening change in controlling law;
>
> 2. Availability of new evidence, or;
>
> 3. The need to correct clear error or prevent manifest injustice

LRCi 7.3 (2008). The purpose of a motion for reconsideration "is

to correct manifest errors of law or fact or to present newly

discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906,

909 (3d Cir. 1985). Such motions are not substitutes for

appeals, and are not to be used as "a vehicle for registering

disagreement with the court's initial decision, for rearguing

matters already addressed by the court, or for raising arguments

that could have been raised before but were not." *Bostic v. AT&T

of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Here, Firstbank argues that reconsideration is appropriate

in order to correct clear error or prevent manifest injustice.

However, Fistbank has failed to point to any error in the May 20,

2009, Orders. Firstbank has also failed to set forth any facts

that would support the inference of manifest injustice. Rather,

Firstbank directs the Court to an affidavit of Carol Ann Rich,

Esquire, dated May 29, 2009, which it submitted as an exhibit to

the reconsideration motions.  In her affidavit, Attorney Rich

avers that, Lockhart, "to the best of my knowledge and belief, is

not an infant or incompetent person." (Ex. 1 to Mot. for

Reconsideration, Rich Aff. 1, ¶ 3, May 29, 2009.)  She further

states that Lockhart, "to the best of my knowledge and belief, is

not in the military service." (*Id.* at 1, ¶ 4.)  While Attorney

Rich's affidavit refers to an exhibit as support for its

statement regarding whether Lockhart is in the military, none is

attached.  Nothing in Attorney Rich's affidavit reveals any error

or injustice in either of the May 20, 2009 Orders.  The Court

also notes that Firstbank has not argued or shown that Attorney

Rich's affidavit should be considered newly available evidence

within the meaning of Local Rule 7.3.

Furthermore, the affidavit that Firstbank has submitted is

not based on Attorney Rich's personal knowledge that Lockhart is

not an infant, incompetent, or serving in the military.  As such,

it cannot be considered competent evidence for default or summary

judgment purposes. *See*, *e.g.*, *Maldonado v. Ramirez*, 757 F.2d 48,

50 (3d Cir. 1985) (explaining that, to be sufficient, an

affidavit "must be made 'on personal knowledge,' must set forth

'such facts as would be admissible in evidence' and must 'show

affirmatively that the affiant is competent to testify to the

matters stated therein'"); *Klinestiver v. Drug Enforcement Administration*, 606 F.2d 1128, 1129 (D.C. Cir. 1979) ("Competent evidence is . . . synonymous with 'admissible.'").

Finally, even if Attorney Rich's affidavit were competent evidence, it is unclear how the information contained therein would support reconsideration of this Court's order denying Firstbank's motion for summary judgment against the IRS.

Accordingly, it is hereby

**ORDERED** that the motions for reconsideration are **DENIED.**

S\_____
 **CURTIS V. GÓMEZ**
 **Chief Judge**