NOT FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| FIRSTBANK PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD S. LOCKHART and UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE,<br><br>    Defendants. | Criminal No. 2008-28 |

**ATTORNEYS:**

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff*,

**Timothy J. Abraham, AUSA**
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Ronald S. Lockhart**
8A Estate Catherineberg, St. Thomas, U.S.V.I. 00802
   *Pro se defendant.*

## ORDER

**GOMÉZ, C.J.**

Before the Court is the second motion of Firstbank Puerto Rico ("Firstbank") for reconsideration of this Court's May 20, 2009, Orders denying Firstbank's motion for default judgment against Ronald S. Lockhart ("Lockhart") and for summary judgment against the United States of America Internal Revenue Service

("IRS"). Firstbank also moves for reconsideration of this Court's July 15, 2009, Order denying its original motions for reconsideration of the May 20, 2009, Orders.

Firstbank first moved for reconsideration of this Court's May 20, 2009, Orders on May 29, 2009. It argued that reconsideration was necessary to correct clear error or prevent manifest injustice. On July 15, 2009, the Court entered an Order denying Firstbank's initial motions for reconsideration.

Local Rule of Civil Procedure 7.3 ("Local Rule 7.3") provides:

> A party may file a motion asking the court to reconsider its order or decision. . . . A motion to reconsider shall be based on:
>
> 1. Intervening change in controlling law;
>
> 2. Availability of new evidence, or;
>
> 3. The need to correct clear error or prevent manifest injustice

LRCi 7.3 (2008). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments

that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Here, Firstbank again argues that reconsideration is appropriate in order to correct clear error or prevent manifest injustice. However, Fistbank has again failed to point to any error in the May 20, 2009, Orders, or in the July 15, 2009, Order.[1] Firstbank has also again failed to set forth any facts that would support an inference of manifest injustice. Rather, Firstbank directs the Court to new evidence attached to the reconsideration motion. Specifically, Firstbank cites to an affidavit of Michael Richardson ("Richardson"), the process server for Lockhart in this case. Richardson's affidavit is based on his personal knowledge and states that, at the time of service, Lockhart "appeared to be an adult over the age of 18 and of sound and competent mind." (Richardson Aff. 1, ¶ 5.) However, nothing in Richardson's affidavit reveals any error or injustice in either of the May 20, 2009 Orders, or in the July 15, 2009, Order. Furthermore, while Firstbank refers to

---

[1] Firstbank claims that the July 15, 2009, Order denying its first motion for reconsideration was entered in error because it overlooked an exhibit attached to an affidavit of Carol Ann Rich, Esquire, purporting to show that Lockhart was not serving in the military. However, the basis for the denial of the first reconsideration motion was not the absence of any exhibit to Rich's affidavit. Rather, the Court denied the motion because it failed to point to any error or injustice in the May 20, 2009, Orders.

Richardson's affidavit as "new evidence," it has not argued or shown that Richardson's affidavit should be considered newly available evidence within the meaning of Local Rule 7.3.

Accordingly, it is hereby

**ORDERED** that the motion for reconsideration is **DENIED.**

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**